The opinion of the Court was delivered by
Johnston, Ch.
It appears that I overlooked a fact in. my circuit decree, upon which the whole case must turn.
I supposed that T. Smith had defended himself against the actions brought by Pettus. upon his two first notes, by setting up the value of the land which he lost, by way of discount. A fuller examination of the evidence shows that this was a mistake. When sued on the notes, he sued Pettus on the bond for titles; and obtained judgment for the value of the land taken off. This judgment exceeded the amount of the notes sued on ; and. after setting it off against the recovery of the notes, he compelled Pettus to pay the excess, amounting to about $2,500.
It appears to the Court this was an affirmance of his contract, and he was not at liberty afterwards to rescind it.
It is not necessary to multiply authorities on this point. The doctrine is well expressed in Brown vs. Witter, (a) “A purchaser, from a vendor, who cannot make a title, has his choice of *211 remedies. Pie may sue at law to recover damages for tbe nonperformance of the contract; or, he may, seek, in Chancery, a specific performance, as near as the vendor is capable of performing'; or he may rescind, by an action at law for the purchase money; or in a bill in equity. He cannot do both. He must select one of the alternatives, either to enforce or rescind.”
It appears to the Court that when- the vendee in this case discovered the defect in his vendor’s title, and his inability to make a good conveyance of that portion of the land which constituted the great object of his purchase, he.was then in a condition which enabled him to elect, and bound him to elect, either to enforce his contract or rescind it. He enforced it by claiming and collecting by process of law, damages in place of the land taken off; and retaining his conveyance of that which had been conveyed to him. Ey this means he obliged himself to take the vendor’s conveyance for such portion of the land not taken off as remained to be conveyed.
Besides, if he were not absolutely concluded by this election, the delay in demanding a recision even after he ivas sued in this State, would go very far to impair his right to such a decree.-
We are all of opinion that the decree made for a recision in this case should be set aside ; and it is so ordered and decreed.
We are satisfied that the decree which the Chancellor indicated, ■as the one he would have made hpon the bill of Pettus, if no cross-bill had been filed, is- the proper one.
It is said, however, that in setting aside Charles Smith’s purchase of the negroes, he should be allowed a lien for the amount paid on Bellamy’s mortgage. We are of opinion that though the purchase is good, as between Charles and Thomas Smith, and that therefore Charles will be entitled to claim that amount, and indeed the whole balance which may arise from the negroes, after payment of other debts; yet as between himself and the creditors suing him, he is not entitled ,to any reimbursement of the amount thus expended. This is ’not a constructive or implied fraud; but actual dolus malm. The sum was expended as a *212 means of getting the property out of Florida, for the purpose of evading Pettus’ claim and obtaining a preferable lien; and certainly an expenditure for the purpose of forwarding a fraud, is not a suitable lien on the fund or property abstracted from the creditors defrauded.
It is ordered that the cross-bill be dismissed.
That the purchase by Charles Smith of the negroes mentioned in the pleadings in the other ease, be set aside, as against the creditors of Thomas Smith.
That Charles Smith deliver up such of said negroes, with their increase, as he has not alienated, to be sold by the commissioner; and that he account for their reasonable hire since his said purchase. That he also account for the value of such of the said negroes as he has alienated, with hire up to the time of alienation, and interest afterwards.
That out of said sales, hire and interest, the several judgments subsisting against Thomas Smith, be paid according to their legal priority, excepting that of Charles Smith, which must be postponed until the rest are satisfied.
.That said Charles Smith do pay the costs of the parties to the suit instituted by Pettus.
And that, if there remain any of the proceeds of said slaves, hire and interest, the same be paid to said Charles Smith.
Ordered that the matters of account be referred to the commissioner, with leave to report any special matter.
Also, ordered that the parties have leave to apply, at the foot of this decree, for any further orders that are or may become necessary in the case.
Dunkin', Dargan and Wardlaw, CO., concurred.

Decree reversed.

 10 Ohio R. 142.